```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

**v.**                                  **CRIMINAL NO. 1:16-00070**

**CURTIS LYNN MORGAN**

## MEMORANDUM OPINION AND ORDER

In Charleston, on August 11, 2016, came the defendant, in person and by counsel, John C. Anderson, II; came the United States by Timothy Boggess, Assistant United States Attorney; and came Senior United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on July 20, 2016. The court found that the defendant had received written notice of all the alleged violations as contained in the petition and that the evidence against the defendant had been disclosed. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Defendant admitted the allegations as set forth in the petition. Whereupon the court found that the charges were established by a preponderance of the evidence.

1

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was eighteen to twenty-four months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of sixty months. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a period of five (5) months. The court imposed a term of supervised release of ninety (90) months following the defendant's period of incarceration. During his period of supervised release, defendant shall comply with the standard conditions of supervised release adopted by this court, as well as any previously-imposed special conditions. The court

also imposed the additional special conditions of supervised release:

1. Defendant is to reside at Secor, Inc., a halfway house in Lebanon, Virginia, for a period of twelve months;
2. The defendant shall adhere to all rules and regulations of Secor, Inc. while he is a resident there;
3. The defendant shall abstain from the use of alcohol; and
4. The defendant shall wear a device for the detection of alcohol use for the first twelve months following his release from the halfway house.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.  The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal.  The defendant was further informed that in order to initiate such an

appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** this 16th day of August, 2016.

ENTER:

David A. Faber
Senior United States District Judge