# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BLUEFIELD

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 1:16-00070**

**CURTIS LYNN MORGAN**

## MEMORANDUM OPINION AND ORDER

In Bluefield, on March 16, 2020, came the defendant, in person and by counsel, Michael R. Whitt; came the United States by Timothy Boggess, Assistant United States Attorney; and came Senior United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on April 10, 2019, as well as the amendments, filed on September 24, 2019 and October 30, 2019. The court found that the defendant had received written notice of the alleged violations as contained in the petition and the amendments and that the evidence against the defendant had been disclosed. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Defendant admitted the allegations as set forth in the petition and amendments.

Whereupon the court found that the charges were established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was fifty-one to sixty-three months on Counts One, Two, and Nine, and 33 to 41 months on Count Eight.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of sixty months as to Counts One, Two, and Nine and thirty-six months as to Count Eight.  Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a period of eighteen (18) months on each of Counts One, Two, Eight, and Nine to run concurrently. The court imposed a term of supervised release of sixty (60)

months on Count One following the defendant's period of incarceration.  The court did not reimpose a term of supervised release on Counts Two, Eight, and Nine.  During his period of supervised release, defendant shall comply with the standard conditions of supervised release adopted by this court, as well as any previously-imposed special conditions.  The court also imposed the additional special conditions of supervised release:

1.  The defendant shall abstain from the use of alcohol; and

2.  The defendant shall wear a device for the detection of alcohol use for the first three months following his release from custody and shall pay the cost of monitoring.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.  The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal.  The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** this 16th day of March, 2020.

ENTER:

David A. Faber
Senior United States District Judge