IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**UNITED STATES OF AMERICA**

**v.**                            CRIMINAL NO. 1:16-00070

**CURTIS LYNN MORGAN**

<u>MEMORANDUM OPINION AND ORDER</u>

     In Bluefield, on December 17, 2025, came the defendant, in person and by counsel, Michael R. Whitt; came the United States by Timothy D. Boggess, Assistant United States Attorney; and came Senior United States Probation Officer M. Dylan Shaffer, for a hearing on the petition to revoke the defendant's term of supervised release.

     The court informed the defendant of the alleged violations contained in the petition, filed on June 28, 2022, and the amendment to the petition, filed on November 6, 2025. The court found that the defendant had received written notice of the alleged violations as contained in the petition and the amendment and that the evidence against the defendant had been disclosed. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Defendant admitted to the violations as set forth in the petition and the amendment.

Whereupon the court found that charges were established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 51 to 63 months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of 60 months.  Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a period of fifty-one (51) months. Upon completion of his term of incarceration, the defendant will

not be subject to any further supervision by the United States Probation Office.

In considering the proper term of imprisonment to be imposed and denying defendant's request for a variance sentence, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant. The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. Given defendant's repeated violations of his supervised, the court concluded that a sentence within the guidelines was appropriate and that a variance sentence would not satisfy the purposes of sentencing.

The defendant was informed of his right to appeal. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on

3

appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

    The defendant was remanded to the custody of the United States Marshals Service.

    The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

    It is **SO ORDERED** this 18th day of December, 2025.

    ENTER:

David A. Faber
Senior United States District Judge